By the Court. —Sanford, J.
The only points made by counsel for the defendant and appellant upon the argument of this appeal, relate to rulings of the court below, in admitting or excluding evidence. Such rulings appear to be in accordance with the views expressed by the general term, on the former appeal. It is urged that the record of a judgment rendered by the supreme court, in a suit to which the plaintiffs and defendants in this action were parties, and in which were litigated their respective claims to the ownership of the property now in controversy, was erroneously received in evidence. It appears from. such record *425 that the defendant claimed title to such property as against the plaintiffs, by virtue of an alleged sale and transfer thereof to him by a copartnership firm of which the plaintiffs were members. Such alleged transfer was held to be fraudulent and void as against the plaintiffs, and there was an express finding that the plaintiffs had never parted with their title to such property or with their right to the possession thereof.' As a former adjudication, the record was competent proof of the plaintiff’s ownership, and tended to show a tortious taking by the defendant. It was not only competent but conclusive, and the defendant was not at liberty to contradict it by showing that he purchased the property innocently.
That the property in question was temporarily withdrawn from the defendant’s possession, pending the suit in the supreme court, by a receiver appointed therein at the plaintiff’s instance, does not affect the question of defendant’s liability or mitigate the damages recoverable against him. The possession of the receiver was the possession of the court, not of the plaintiffs. The receiver was the agent of the court. He represented both the parties, and protected the interests of both. It was wholly immaterial whether the plaintiffs were privy to his action in securing the safe custody of the property, or assisted him in effecting its removal and deposit in store. There is no pretense that the defendant ever withdrew his claims or surrendered the property. On the contrary, he offered to prove that its possession was surrendered to him by the supreme court, on his complying with certain terms, imposed by that court as the condition of such surrender. The only interruption to his possession which the excluded testimony tends to establish, was an interruption by that court, which in no respect tended to indemnify the plaintiffs or lessen the damages to *426 which the defendant’s wrongful action subjected them.
The judgment should be affirmed, with costs.
Freedman, J., concurred.